**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL SCOTT CARDINALE d/b/a**
**TREAT YOURSELF SHOPPE formerly**
**TREAT YOURSELF DISTRIBUTORS,**

      **Plaintiff,**

                                    **CASE NO:**

**v.**

**DONG WANG a/k/a TONY WANG, an**
**individual; AMERICAN TAI-CHI**
**INDUSTRIES, INC., a Florida corporation;**
**DISCOUNT VITAMINS, LLC d/b/a**
**DISCOUNT VITAMINS OF CLERMONT**
**and DISCOUNT VITAMINS OF DAVIE, a**
**Florida limited liability company; SIMPLY**
**NATURAL HEALTH INC., a Florida**
**corporation; SIMPLY NATURAL OF**
**SUNRISE, INC., a Florida corporation; and**
**VITAMIN EMPORIUM, INC., a Florida**
**corporation,**

      **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Michael Scott Cardinale (hereinafter "Scott Cardinale") d/b/a Treat

Yourself Shoppe, formerly Treat Yourself Distributors, (hereinafter "Plaintiff" or

"Treat Yourself Shoppe"), by and through his undersigned attorneys and hereby sues

Defendants, Dong Wang a/k/a Tony Wang (hereinafter "Wang"); American Tai-Chi

Industries, Inc., (hereinafter referred to as "American Tai-Chi Industries"); Discount

Vitamins, LLC d/b/a Discount Vitamins of Clermont and Discount Vitamins of Davie (hereinafter "Discount Vitamins"); Simply Natural Health, Inc. (hereinafter "Simply Natural Health"); Simply Natural of Sunrise, Inc. (hereinafter "Simply Natural Sunrise") and Vitamin Emporium, Inc., (hereinafter "Vitamin Emporium") (collectively referred to as "Defendants"), for trademark infringement, false designation of origin, trademark counterfeiting, passing off, unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act and alleges the following as grounds:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for infringement of Plaintiff's marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition, passing off, and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark counterfeiting under Section 34 of the Lanham Act, 15 U.S.C. §1116; and for substantial and related claims of common law trademark infringement, tortious interference with a business relationship, unfair competition, and deceptive and unfair trade practices under Florida law, all arising from the Defendant's unauthorized use of the marks, TREAT YOURSELF SHOPPE, BP REDUCER, BP BALANCE, BP BALANCER, BP BALANCER PLUS, and DIABETIC BALANCER (hereinafter referred to as "Plaintiff's Marks"), and labels created by Plaintiff and bearing the aforementioned marks, all used in connection with promoting, advertising, and selling herbal supplements which specialize in the treatments of hypertension and diabetes.

2.      Plaintiff seeks injunctive and monetary relief.

## PARTIES

3.    Plaintiff is an individual d/b/a TREAT YOURSELF SHOPPE and who resides in Carrboro, North Carolina.

4.    Defendant, Tony Wang a/k/a Dong Wang is an individual who, upon information and belief, resides at 5748 Deep Lake Road, Oviedo, Florida 32765.

5.    Defendant, American Tai-Chi Industries, is a Florida corporation with a principal place of business at 5748 Deep Lake Road Oviedo, Florida 32765.

6.    Defendant, Discount Vitamins is a Florida limited liability company with a primary place of business at 4375 S. Hwy 27 Clermont, Florida 34711 and operating online via the websites www.supervits.com and www.megavits.com.

7.    Defendant, Simply Natural Health is a Florida corporation with a principal place of business at 8271 Sunset Strip Sunrise, Florida 33322.

8.    Defendant, Simply Natural of Sunrise is a Florida corporation, with a principal place of business at 8271 Sunset Strip Sunrise, Florida 33322.

9.    Defendant, Vitamin Emporium is a Florida corporation, with a principal place of business located at 3752 W Hillsboro Blvd. Deerfield Beach, Florida 33442.

## JURISDICTION AND VENUE

10.    As this action relates to federal trademark infringement, counterfeiting, passing off, and unfair competition under §1114, 1116 and 1125(a), this Court has original subject matter jurisdiction under 15 U.S.C. §1121(a), 28 U.S.C. §1331 and under 28 U.S.C. §1338(a).

11.    This Court has supplemental jurisdiction over this action pursuant to 28

U.S.C. § 1367(a) with respect to claims under the laws of the State of Florida, insofar as such claims are so related to other claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12.    This Court has personal jurisdiction over Defendant Wang pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2)  in that Defendant Wang resides in this district and is operating, conducting, engaging in and carrying on a business in this state, has a place of business in this state, committed a tortious act within this state wherein Plaintiff's business was harmed in this state, and Wang is engaged in substantial and not isolated activity within this state.

13.    This Court has personal jurisdiction over Defendant American Tai-Chi Industries  pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2)  in that American Tai-Chi is operating, conducting, engaging in and carrying on a business in this state, maintains a place of business in this state, committed a tortious act within this state wherein Plaintiff's business was harmed in this state, and American Tai-Chi is engaged in substantial and not isolated activity within this state.

14.    This Court has personal jurisdiction over Defendant Discount Vitamins pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2). Specifically, Discount Vitamins is operating, conducting, engaging in and carrying on a business in this state, maintains a place of business located in this state, committed a tortious act within this state wherein Plaintiff's business was harmed as a result of the conduct in this state, and Discount Vitamins is engaged in substantial and not isolated activity

within this state.

15.    This Court has personal jurisdiction over Defendant Simply Natural Health pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2) in that Simply Natural Health Inc. is operating, conducting, engaging in and carrying on a business in this state, maintains a place of business located in this state, committed a tortious act within this state wherein Plaintiff's business was harmed as a result of the conduct in this state, and Simply Natural Health Inc. is engaged in substantial and not isolated activity within this state.

16.    This Court has personal jurisdiction over Defendant Simply Natural of Sunrise pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2) in that Simply Natural of Sunrise is operating, conducting, engaging in and carrying on a business in this state, maintains a place of business located in this state, committed a tortious act within this state wherein Plaintiff 's business was harmed as a result of the conduct in this state, and Simply Natural of Sunrise is engaged in substantial and not isolated activity within this state.

17.    This Court has personal jurisdiction over Defendant Vitamin Emporium pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2)  in that Vitamin Emporium is operating, conducting, engaging in and carrying on a business in this state, has a place of business located in this state, committed a tortious act within this state wherein Plaintiff's business was harmed as a result of the conduct in this state, and Vitamin Emporium is engaged in substantial and not isolated activity within this state.

18.    Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2), in that

several of the Defendants reside in this district (Wang, American Tai-Chi, and Discount Vitamins), several of the Defendants committed the tortious act in this district (Wang, American Tai-Chi, and Discount Vitamins), several of the Defendants purchased the infringing goods from this district and also have customers within this district (Simply Natural Health, Simply Natural Sunrise, Vitamin Emporium), and all of the Defendants are acting together to violate Plaintiff's intellectual property rights such that a substantial part of the events or omissions giving rise to the claims occurred in this district.

**TRADEMARKS-IN-SUIT**

19.    Plaintiff is the owner of the entire right, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 6,162,529 on the Principal Register, as of September 29, 2020, for the mark TREAT YOURSELF SHOPPE for "On-line wholesale ordering services in the field of herbal dietary supplements." A true and accurate copy of the registration is attached hereto as Exhibit "A" and incorporated herein by reference.

20.    Plaintiff has common law rights in the mark "B.P. REDUCER" based on its substantially exclusive and continuous use in commerce in connection with nutritional, dietary, and herbal supplements since at least as early as January of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "B".

21.    Plaintiff has common law rights in the marks BP BALANCE, BP BALANCER, and BP BALANCER PLUS" based on

its substantially exclusive and continuous use in commerce in connection with nutritional, dietary, and herbal supplements since at least as early as April of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "C".

22.    Plaintiff has common law rights in the mark "DIABETIC BALANCER" based on its substantially exclusive and continuous use in commerce in connection with nutritional, dietary, and herbal supplements since at least as early as June of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "D".

## STATEMENT OF FACTS AS TO ALL COUNTS

23.    John Cardinale, Scott Cardinale's father, sold the aforementioned products via his business, Treat Yourself Fitness Bar, Inc., from 2002 - 2017.

24.    Treat Yourself Shoppe f/k/a Treat Yourself Distributors was founded and created by Scott Cardinale in or about 2013 for the purpose of selling and distributing, among other things, herbal supplements, including the products known as B.P. REDUCER, BP BALANCE, BP BALANCER, BP BALANCE PLUS and DIABETIC BALANCER ("the TYS products").

25.    John Cardinale through Treat Yourself Fitness Bar, Inc. and Scott Cardinale through Treat Yourself Distributors and later Treat Yourself Shoppe were the sole providers of the TYS products in the U.S. from 2002 - 2018.

26.    From 2009 to 2017, Scott Cardinale purchased a series of domain names in order to facilitate the sale of nutritional supplements, and he designed labels bearing

the BP Marks, which would later be attached to the packaging for the nutritional supplements. Such labels are attached hereto as Exhibits "B." "C" and "D."

27. From 2013 to current date, Scott Cardinale has sold the TYS Products through a variety of third party online retail websites and through his own websites, www.TreatYourselfDistributors.com and www.treatyourselfshoppe.com websites.

28. Defendant Wang is a prior independent contractor of both John Cardinale and Scott Cardinale. In June 2018, Scott Cardinale learned that Defendant Wang was representing himself and/or his business as an authorized distributor of TYS Products and was engaging Plaintiff's customers in the sale of such products.

29. Scott Cardinale further learned that Defendant, Wang was providing counterfeit products to Plaintiff's customers in bottles wrapped in labels created by Scott Cardinale ("Treat Yourself Shoppe labels") and used by Plaintiff in the sale of its herbal supplements. *See* Exhibits "B," "C," and "D" which are true and accurate depictions of the Treat Yourself Shoppe labels.

30. Scott Cardinale also learned that such counterfeit products were thereafter being sold by Plaintiff's customers to the consuming public.

31. As detailed further below, upon learning this information, Scott Cardinale informed each of the named Defendants that their actions were unlawful and infringed upon his intellectual property rights and demanded such actions cease immediately.

32. Plaintiff has done his best to police unauthorized use of its intellectual property prior to seeking this Court's intervention, including notifying local authorities

of Defendants' sale of counterfeit goods and filing grievances with third party websites, such as eBay & Amazon, through whom one or more Defendants sold the counterfeit products. See Exhibits "E," Composite Exhibit "F," and Composite Exhibit "G" respectively.

33.     Having full knowledge of Plaintiff's intellectual property rights, Defendants have repeatedly failed and therefore refused Plaintiff's demands to stop using Plaintiff's labels and Plaintiff's Marks including the BP Marks in connection with the counterfeit products, thereby making the Defendants' actions and deliberate, willful, and wanton.

34.     Plaintiff has never authorized or licensed Defendants to use its BP Marks nor the Treat Yourself Shoppe labels.

### RELATIONSHIP BETWEEN THE PARTIES

35.     Defendant, Wang has been the driving force behind each of the complained of acts and has actively engaged the remaining Defendants identified above to infringe upon Plaintiff's intellectual property rights, pass off counterfeit products to the consuming public, and compete in an unfair and deceptive manner.

*TONY WANG*

36.     Defendant Wang first worked for John Cardinale and then later for Scott Cardinale.   Defendant Wang's employment duties included applying the BP labels provided to him by John and Scott Cardinale to the bottles the supplements were sold in.

37.    In March of 2018, Scott  Cardinale decided to handle the packaging, labeling and shipping on his own, and informed Defendant, Wang that he no longer required his services.

38.    Subsequent to this notification, Defendant Wang began representing himself to the public as an authorized provider of the BP Balance original formula.

39.    Specifically, Defendant Wang represented himself as the partner of Dr. William Huang and that, originally, Treat Yourself Fitness was the only distributor of BP BALANCER and BP REDUCER, but that due to John Cardinale's and Dr. Huang's passing, he was now the provider of the products sold under the BP Marks. *See* Exhibit "H" attached hereto.

40.    As shown in Exhibit "H" Defendant Wang also offered a number of labels from which the customer could choose to have applied to their selected product.

41.    The labels featured in Exhibit "H" are the Treat Yourself Shoppe labels provided to Defendant Wang while he worked for John and Scott Cardinale, for the sole purpose of being applied to the bottles meant for packaging the supplements sold by Plaintiff.

42.    Defendant    Wang    also    operates    a    website    at www.treatyourselfnaturalway.com and  offers for sale competing products via the website and brand TREAT YOURSELF NATURAL WAY, including products specifically meant to treat high blood pressure.  *See* Exhibit I attached hereto.

43.    At no point was Defendant Wang an authorized representative of Plaintiff or Treat

Yourself Fitness Bar, Inc.

44.    At no point was Defendant Wang an authorized distributor of any product sold by Plaintiff or Treat Yourself Fitness Bar, Inc.

45.    At no point was Defendant Wang authorized to reproduce, recreate, distribute, or otherwise use the Treat Yourself Shoppe labels outside of his dealings with Plaintiff.

46.    In December of 2018, Plaintiff through counsel, sent Defendant Wang a cease and desist letter demanding Defendant Wang immediately discontinue use of the Treat Yourself Shoppe labels in connection with his products. *See* Exhibit "J" attached hereto.

47.    Despite the demands made by Plaintiff, Defendant Wang continued to use and infringe Mr. Cardinale's intellectual property in the sale and distribution of his own products to various consumers and was the driving force in engaging others to do the same.

### *AMERICAN TAI-CHI INDUSTRIES, INC.*

48.    American Tai-Chi is a wholesale distributor of herbal products that specializes in the treatment of patients who suffer with Hypertension and Type 2 diabetes.

49.    Upon information and belief, Defendant Wang owns and/or operates American Tai-Chi.

50.    Defendant American Tai-Chi, via the actions of Defendant Wang, has sold and continues to sell products bearing the Treat Yourself Shoppe labels, which

feature Plaintiff's Marks, including the BP Marks or similar variations thereof, which were not obtained from Plaintiff, have not been approved for sale by Plaintiff, and contain products that are inferior to Plaintiff's products.

### *DISCOUNT VITAMINS, LLC*

51.     Upon information and belief, Defendant Discount Vitamins, LLC is owned and/or operated by Drew Pecoraro.

52.     Subsequent to August of 2018, Scott Cardinale and Drew Pecoraro were engaged in a business relationship, in which Scott Cardinale sold, and Drew Pecoraro purchased assorted supplements to be sold through Drew Pecoraro's various businesses.

53.     Upon information and belief, Defendant Wang contacted either Drew Pecoraro, or an authorized representative of one or more of Drew Pecoraro's businesses, representing himself and/or American Tai-Chi to be an authorized distributor of TYS Products, bearing the Treat Yourself Shoppe labels.

54.     In August of 2018, Scott Cardinale informed Drew Pecoraro that Defendant Wang was not an authorized distributor of Plaintiff's products, that the products Defendant Wang offered for sale were counterfeit products, and thus not authentic products sold by Plaintiff. Further, that Treat Yourself Shoppe labels were being used without authorization from Plaintiff, for the purpose of passing off American Tai-Chi products as TYS Products.

55.     Drew Pecoraro responded to Scott Cardinale's warning by indicating that he had never heard of Defendant Wang, nor was he aware of Defendant Wang selling counterfeit goods, but that he would investigate the matter.

56.     Rather than investigating, Drew Pecoraro ceased buying products from Plaintiff, and began purchasing and selling counterfeit products from Defendant American Tai-Chi. *See* Composite Exhibit "K" attached hereto.

57.     Upon learning Drew Pecoraro was in business with Defendant American Tai-Chi and selling counterfeit products, Scott Cardinale demanded Drew Pecoraro cease the sale of all products not obtained directly from Plaintiff and bearing the Treat Yourself Shoppe labels.

58.     To date and upon information and belief, Defendant Discount Vitamins continues to sell products bearing the Treat Yourself Shoppe labels, which feature the BP Marks or similar variations thereof, and which were not obtained from Plaintiff and have not been approved for sale by Plaintiff.

### *SIMPLY NATURAL HEALTH and SIMPLY NATURAL OF SUNRISE*

59.     Treat Yourself Fitness Bar, Inc. was engaged in a business relationship with Simply Natural Health and Simply Natural of Sunrise, in which John Cardinale sold, and Gabriel Aviles purchased, various supplements to be sold in his businesses.

60.     Upon information and belief, Defendant Wang contacted an authorized agent of Simply Natural Health and/or Simply Natural of Sunrise and represented himself and/or American Tai-Chi to be an authorized distributor of TYS Products, bearing Treat Yourself Shoppe labels.

61.     Subsequently, Simply Natural Health and Simply Natural of Sunrise entered into a business relationship with Defendant American Tai-Chi for the purchase of counterfeit products bearing the Treat Yourself Shoppe labels.

62.     After learning this information, Scott Cardinale immediately informed Defendant Simply Natural Health and Simply Natural of Sunrise that Defendant Wang was not an authorized distributor of Plaintiff's products.  Further, that the products Defendant Wang offered for sale were counterfeit products, and thus, were not authentic products sold by Plaintiff, and that the Treat Yourself Shoppe labels were being used without authorization, for the purpose of passing off American Tai-Chi's products as Plaintiff's products.

63.     To date, and despite Scotty Cardinale's warning, Defendant Simply Natural Health and Defendant Simply Natural of Sunrise continue to sell products bearing the Treat Yourself Shoppe labels, which feature the BP Marks, which were not obtained from Plaintiff and have not been approved for sale by Plaintiff. Attached as Exhibit "L" is a photo taken by Scott Cardinale at Defendants Simply Natural Health and Simply Natural of Sunrise's physical location.

*VITAMIN EMPORIUM*

64.     Upon information and belief, Defendant Wang contacted an authorized agent for Defendant Vitamin Emporium and represented himself and/or American Tai-Chi to be an authorized distributor of TYS Products, bearing Treat Yourself Shoppe labels.

14

65.     Defendant Vitamin Emporium then entered into a business arrangement with American Tai-Chi for the purchase of counterfeit goods bearing the Treat Yourself Shoppe labels.

66.     As of this date, Defendant Vitamin Emporium continues to sell products bearing the Treat Yourself Shoppe labels, which exhibit the BP Marks, which were not obtained from Plaintiff and have not been approved for sale by Plaintiff.

### *CONSUMER CONFUSION*

67.     Plaintiff has been contacted by at least one consumer who purchased the counterfeit

products and who believed Plaintiff to be the source of said product. Attached hereto as Exhibit "M" is an email from an unsatisfied customer who reportedly purchased BP Balance Plus from Defendant Discount Vitamins, LLC on Amazon. The customer contacted Plaintiff after being told that the issue was the responsibility of the manufacturer of the product rather than the seller.

68.     It further appears that one or more Defendants have orchestrated the removal of all designations of Plaintiff's TREAT YOURSELF SHOPPE mark from the Treat Yourself Shoppe labels in an attempt to circumvent liability. Attached hereto as Composite Exhibit "N" is communication from a customer who contacted Plaintiff on October 13, 2020. The customer advised Plaintiff that he bought a counterfeit bottle of B.P. Reducer from Defendant Discount Vitamins. The communication included pictures of the products he purchased and which notably no longer include the TREAT

YOURSELF SHOPPE mark, and inquired as to whether Plaintiff is the authentic producer of TYS Products.

69.    Plaintiff has performed all such conditions precedent to be performed or all such conditions have already occurred.

70.    Plaintiff has been forced to retain the undersigned law firm to represent him in the prosecution of this action.

## COUNT I
## (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)
## AGAINST ALL DEFENDANTS

71.    Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

72.    Plaintiff is the owner of the federally registered trademark, TREAT YOURSELF SHOPPE registered in connection with "On-line wholesale ordering services in the field of herbal dietary supplements." *See* Exhibit "A."

73.    Defendants have used Plaintiff's TREAT YOURSELF SHOPPE mark in relation to the sale of herbal supplements targeted at treating hypertension and diabetes.

74.    Specifically, the mark TREAT YOURSELF SHOPPE, or a similar variation thereof, appears on Treat Yourself Shoppe labels, which Defendants Wang and American Tai-Chi have appropriated for their own financial gain, and for which the remaining Defendants have used, and continue to use, in the sale of counterfeit products as described above. *See* Composite Exhibit "K" and Exhibit "L" attached hereto.

75.    Defendants have created a likelihood of confusion in the marketplace that will only continue and increase should the Defendants be permitted to continue their unauthorized use and misappropriation of Plaintiff's TREAT YOURSELF SHOPPE mark.

76.    Defendants have failed and therefore refused to cease use of Plaintiff's mark, TREAT YOURSELF SHOPPE, and similar variations despite Plaintiff bringing the infringing conduct to Defendants' attention.

77.    Defendants have made a deliberate decision to continue using Plaintiff's marks to advertise, promote, and sell nutritional, dietary, and health supplements.

78.    As a direct and proximate result of Defendants' infringing use of the TREAT YOURSELF SHOPPE mark, Defendants have caused Plaintiff to lose profits and the goodwill associated with its mark.

79.    Plaintiff will be irreparably damaged by continued loss of profits, loss of goodwill and loss of control over the reputation of its mark unless Defendants are prevented from continuing to promote, advertise, sell or offering for sale goods sold under Plaintiff's TREAT YOURSELF SHOPPE mark, and similar variations of said mark.

## COUNT II
## (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)
## AGAINST DEFENDANT WANG AND DEFENDANT AMERICAN TAI-CHI

80.    Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

81.    In addition to infringing Plaintiff's TREAT YOURSELF SHOPPE mark by using the mark in association with counterfeit nutritional, dietary, and health supplements, Defendants Wang and American Tai-Chi have also infringed the mark by selling herbal supplements under the mark, TREAT YOURSELF NATURAL WAY. *See* Exhibit "I."

82.    Defendant American Tai-Chi's use in commerce of the mark, TREAT YOURSELF NATURAL WAY, is sufficiently close in sound and appearance to Plaintiff's mark, TREAT YOURSELF SHOPPE, such that there is a likelihood of confusion among consumers.

83.    The likelihood of confusion among consumers is further exacerbated by Defendant Wang's false representations that he and/or Defendant American Tai-Chi are authorized to provide TYS Products and/or Treat Yourself Shoppe labels.

84.    Defendants Wang and American Tai-Chi adopted the mark, TREAT YOURSELF NATURAL WAY, with knowledge of Plaintiff's prior use of the TREAT YOURSELF SHOPPE mark and has thereby infringed Plaintiff's mark willfully and with wanton disregard of Plaintiff's rights and will continue to do so unless enjoined.

85.    Defendants Wang and American Tai-Chi have created a likelihood of confusion in the marketplace that will continue and increase if Defendants are permitted to continue its unauthorized use and misappropriation of Plaintiff's TREAT YOURSELF SHOPPE mark.

86.     As a direct and proximate result of Defendants Wang and American Tai-Chi's use and infringement of Plaintiff's TREAT YOURSELF SHOPPE mark, Defendants Wang and American Tai-Chi have caused Plaintiff to lose profits, and to lose goodwill associated with its mark.

87.     Plaintiff will be irreparably damaged by continued loss of profits, goodwill and control over the reputation of its TREAT YOURSELF SHOPPE mark unless Defendants Wang and American Tai-Chi are prevented from continuing to promote, advertise, sell or offer for sale, goods under their infringing TREAT YOURSELF NATURAL WAY mark.

## COUNT III
## (TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1116) AGAINST ALL DEFENDANTS

88.     Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

89.     Defendants have sold counterfeit nutritional supplements under Plaintiff's TREAT YOURSELF SHOPPE trademark utilizing Plaintiff's exact labels. *See* Composite Exhibit "K" as an example of Defendant Discount Vitamins infringing use and Exhibit "L" as an example of Defendants Simply Natural Health and Simply Natural of Sunrise infringing use.

90.     Defendants' unauthorized use of the TREAT YOURSELF SHOPPE trademark on counterfeit products that they have distributed has caused, and continues to cause, consumer confusion about the source and sponsorship of the counterfeit goods.

19

91.    The Defendants' sale of these counterfeit products has caused considerable damage to the goodwill Plaintiff has established in its marks, and Defendants' conduct has diminished Plaintiff's brand recognition.

92.    The sale of the counterfeit products under Plaintiff's TREAT YOURSELF SHOPPE mark by Defendants has further resulted in lost profits to Plaintiff, and in turn created a windfall for Defendants.

93.    Defendants' actions constitute use of a "counterfeit mark" as defined by 15 U.S.C. 1116(d)(1)(B).

94.    Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C.§ 1117(c)(1) and/or (2).

95.    Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. §1117(c)(2).

96.    In the alternative, and at minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, treble damages, costs and reasonable attorney's fees under 15 U.S.C. § 1117(b).

97.    Defendants' acts of direct and/or contributory counterfeiting have caused, and will cause, Plaintiff irreparable harm unless enjoined by this Court.

## COUNT IV
## (PASSING OFF UNDER 15 U.S.C. §1125(a))
## AGAINST ALL DEFENDANTS

98.    Plaintiff realleges each and allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

99.    By distributing, marketing, and otherwise exploiting Plaintiff's exclusive intellectual property rights in using its trademarks and product labels in connection with counterfeit goods, Defendants are passing off their goods to the public as if they are Plaintiff's goods.

100.    As a result, members of the public will, and have been, reasonably deceived and confused into believing that the products sold by Defendants are Plaintiff's product or are in some way endorsed by Plaintiff.

101.    Plaintiff has been and continues to be injured by this deception, in that it negatively impacts Plaintiff's ability to distribute, market, and otherwise sell its products and has subjected Plaintiff's goods to consumer confusion insofar as Defendants' are not approved distributors of Plaintiff's products, have no authorization to use Plaintiff's intellectual property in the sale of their products, and are not otherwise approved or endorsed by Plaintiff.

102.    By engaging in the wrongful conduct described herein and above, Defendants have violated the passing off restrictions of Section 43(a) of the Lanham Act.

103.    Because Defendants have engaged in the conduct described herein with actual knowledge of the harm caused to Plaintiff by such wrongful conduct and acts,

this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendants.

104.    Defendants' acts and conduct have caused and will continue to cause Plaintiff  great and irreparable injury that cannot be adequately compensated or measured in damages.

105.    Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## COUNT V
## (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a))
## AGAINST ALL DEFENDANTS

106.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 70 as if fully set forth herein.

107.    Plaintiff has invested a substantial amount of time, effort, and money in its TREAT YOURSELF SHOPPE, BP REDUCER, BP BALANCE, BP BALANCER, BP BALANCER PLUS, and DIABETIC BALANCER marks (collectively "Plaintiff's Marks") throughout the United States.

108.    In addition to the national protection afforded to Plaintiff by its federal registration for its TREAT YOURSELF SHOPPE mark, Plaintiff has extensive, non-registered statutory and common law rights under Florida law in its BP Marks.

109.   As it pertains to Plaintiff's BP Marks, Plaintiff's consistent, exclusive, and public use of the marks in relation to dietary, nutritional, and health supplements establishes Plaintiff's common law and statutory rights in the BP Marks.

110.   Further, Plaintiff's common law rights in Plaintiff's Marks predates Defendants' use of Plaintiff's Marks and predates Defendants' use of confusingly similar marks.

111.   Defendants' conduct as described above constitutes unfair competition under the Lanham Act, 15 U.S.C. §1125(a).

112.   Plaintiff does not have an adequate remedy at law and will continue to be damaged by Defendants' actions unless this Court enjoins Defendant from such business practices.

## COUNT VI
### (TRADEMARK INFRINGEMENT UNDER FLORIDA LAW) AGAINST ALL DEFENDANTS

113.   Plaintiff realleges each and every allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

114.   The sale and solicitation of counterfeit products by Defendants, as described above, constitutes false designation of origin, which has caused confusion and mistake and has deceived consumers as to the source or origin of such goods or sponsorship or approval of such goods by Plaintiff.

115.   Plaintiff has been contacted by at least one consumer who purchased the counterfeit products and who believed Plaintiff to be the source of said product. Attached as Exhibit "M" is an email from an unsatisfied customer who reportedly

purchased BP Balance Plus from Defendant Discount Vitamins, LLC on Amazon and contacted Plaintiff after being told that the issue lied with the manufacturer of the product rather than the seller.

116.   Defendants' false designation of the origin of its goods and products, has caused Plaintiff to suffer losses and be deprived of substantial sales of its goods.

117.   Defendants have in turn profited from the sale of the counterfeit products.

118.   Unless restrained by this Court, Defendants will continue to falsely designate the origin of their goods, causing irreparable damage to Plaintiff.

119.   Pecuniary compensation will not afford Plaintiff adequate relief for its losses.

120.   In the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services.

121.   Defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive intellectual property rights.   Further, such acts committed by Defendants were done with the intent to cause confusion, mistake, and/or deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and genuine products produced by Plaintiff.

122.   Pursuant to Florida law, Plaintiff is therefore entitled to recover actual damages for the infringement.

## COUNT VII
## (FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)
## AGAINST ALL DEFENDANTS

123.   Plaintiff hereby realleges each and allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

124.   Defendants have offered for sale and sold counterfeit products to the general public in the State of Florida using and/or incorporating Plaintiff's trademarks as described above.

125.   It further appears that one or more Defendants have orchestrated the removal of all designations of Plaintiff's TREAT YOURSELF SHOPPE mark from the Treat Yourself Shoppe labels in an attempt to circumvent liability. Attached as Composite Exhibit "N" is a message from a customer who contacted Plaintiff on October 13, 2020 notifying Plaintiff that he had purchased a counterfeit bottle of B.P. Reducer from Defendant Discount Vitamins. The communication also includes photographs of the products he purchased, which notably no longer include the TREAT YOURSELF SHOPPE mark, and inquiring as to whether Plaintiff is the authentic producer of TYS Products.

126.   Defendants' actions are unlawful, as well as unconscionable, unfair, and deceptive.

127.   Defendants' conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce, in violation of Florida Statute 501.204 and as a result, Plaintiff has suffered damages.

## COUNT VIII
## (TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP)
## AGAINST DEFENDANT WANG AND DEFENDANT AMERICAN TAI-CHI

128.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

129.    Plaintiff and Defendant Wang had a long-standing business relationship in which Defendant Wang gained access to Plaintiff's exclusive intellectual property during the course of his employment for John Cardinale and later Scott Cardinale.

130.    Defendant Wang was aware of the business relationship Plaintiff maintained with Defendant Discount Vitamins.

131.    Defendants Wang's knowledge is properly imputed to Defendant American Tai-Chi, as Defendant Wang, upon information and belief, owns and operates American Tai-Chi.

132.    Defendants Wang and American Tai-Chi produced a product that directly competed with TYS Products as described herein, and falsely represented himself and/or American Tai-Chi as an authorized distributor of such goods at a lower cost to Defendant Discount Vitamins.

133.    Defendants Wang and American Tai-Chi intentionally and unjustifiably interfered with Plaintiff's previously existing business relationship with Defendant Discount Vitamins, LLC.

134.    Plaintiff has suffered damage as a result of the breach of the relationship.

135.    Plaintiff is entitled to recover all damages, including punitive damages as a result of Defendants Wang and American Tai-Chi's actions.

## COUNT IX
## (UNFAIR COMPETION UNDER FLORIDA LAW)
## AGAINST ALL DEFENDANTS

136.    Plaintiff realleges each and allegation set forth in paragraphs 1 through 70 above, as if fully set forth herein.

137.    Plaintiff is an active competitor in the nutritional, dietary, and health supplement industry.

138.    Plaintiff has used its TREAT YOURSELF SHOPPE mark, and similar variations thereof in relation to online wholesale ordering services in the field of herbal and dietary supplements since at least as early as 2013.

139.    Plaintiff's TREAT YOURSELF SHOPPE mark is suggestive if not arbitrary.

140.    Plaintiff has used its BP Marks in relation to herbal and dietary supplements since at least as early as 2002 via his father's business and then started in 2013 via his business and wherein the businesses were related.

141.    Plaintiff's BP Marks have acquired secondary meaning through substantial and exclusive for over 17 years, such that consumers have come to recognize Plaintiff as the source of the goods sold under the BP Marks.

142.    Plaintiff's use of Plaintiff's Marks predates Defendants' use of Plaintiff's Marks.

143.    Without license or authorization, Defendants have adopted and used Plaintiff's Marks and labels in connection with the sale of herbal, dietary, and nutritional supplements.

144.    Defendants have thus used Plaintiff's Marks to identify identical goods to those offered by Plaintiff except that Defendants goods are counterfeit and inferior thereby unfairly competing with Plaintiff in the same trade area in which Plaintiff was first established.

145.    As a result of Defendants' deceptive and fraudulent conduct, Plaintiff has been irreparably damaged by continued loss of profits, loss of goodwill and loss of control over the reputation of its marks.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, TONY WANG a.k.a. DONG WANG; AMERICAN TAI-CHI INDUSTRIES, INC.; DISCOUNT VITAMINS, LLC; SIMPLY NATURAL HEALTH, INC; SIMPLY NATURAL OF SUNRISE, INC. and VITAMIN EMPORIUM, INC. and that the Court grant Plaintiff the following relief:

A.    An adjudication that Defendants' actions constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a);

B.    An adjudication that Defendants' actions constitute false designation, unfair competition, and passing off under the Lanham Act, 15 U.S.C. §1125(a);

C.    An adjudication that Defendants' actions constitute deceptive and unfair trade practices under Fla. Stat. §501.201 *et. seq.;*

D.    An adjudication that Defendants' actions constitute trademark counterfeiting under 15 U.S.C. §1116.

E.    An adjudication that Defendants' actions constitute trademark infringement and unfair competition under the Florida common law;

F.    An adjudication that Defendant Wang's and Defendant American Tai-Chi's actions constitute tortious interference with a business relationship;

G.    An injunction under 15 U.S.C. § 1116 to restrain Defendants from making further sales of counterfeit products bearing the Treat Yourself Shoppe labels and the TREAT YOURSELF SHOPPE mark and similar variations thereof;

H.    An injunction under 15 U.S.C. § 1116 to restrain Defendant Wang and Defendant American Tai-Chi from continuing the reproduction, distribution, and sale of Treat Yourself Shoppe labels and the TREAT YOURSELF SHOPPE mark and similar variations thereof;

I.    An award under 15 U.S.C. § 1117 of 1) all of Defendants' profits and gains obtained as a result of Defendants' violations of 15 U.S.C. § 1125(a); 2) all damages suffered by Plaintiff  by Defendants' violations of 15 U.S.C. § 1125(a); and 3) all costs of this action;

J.    An award under 15 U.S.C. §1117(b) of three times Defendants' profits or Plaintiff's damages, whichever is greater, together with a reasonable attorney's fees;

K.    An award under 15 U.S.C. §1117(c) of $200,000 per counterfeit mark or up to $2,000,000 per counterfeit mark based on Defendants' willful conduct;

L.    A ruling that as a result of Defendants' willfully egregious conduct, this is an exceptional case which entitles Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. §1117;

M.   Attorney's fees pursuant to Fla. Stat. §501.2105;

N.   Plaintiff is further entitled to recover actual damages sustained in consequence of Defendants' willful and wrongful conduct, in an amount to be determined.

O.   Plaintiff is further entitled to its costs.

P.   Any further relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 25th day of February 2021.

Respectfully Submitted,

WOLTER, VAN DYKE, DAVIS PLLC

1900 Summit Tower Blvd.
Suite 140
Orlando, FL  32810
Telephone:   (407) 926-7700
Facsimile:    (407) 926-7720
Email: adavis@savvyIPLaw.com
Email: kwimberly@savvyIPLaw.com
Email: agyebi@savvyIPLaw.com
***Attorneys for Plaintiff, Treat Yourself Shoppe***

*/s/ Amber N. Davis*
Amber N. Davis
Florida Bar No. 0026628
Kevin W. Wimberly
Florida Bar No. 0057977
Amaris C. Gyebi
Florida Bar No. 1019361