# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL SCOTT CARDINALE,**

      Plaintiff,

v.                                              **Case No: 6:21-cv-379-ACC-EJK**

**VITAMIN EMPORIUM, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Default (Doc. 102), filed March 22, 2023, against Garnishee, New York Community Bank ("Garnishee").

On January 23, 2023, the Court entered judgment in favor of Plaintiff, Michael Scott Cardinale, and against Defendant, Vitamin Emporium, Inc., in the amount of $90,000, plus pre-judgment interest, and costs in the amount of $657. (Doc. 92.) On January 23, 2023, the Clerk of Court issued a Writ of Garnishment ("Writ") to the Garnishee in the amount of $90,657.00. (Doc. 93.) Plaintiff served the Garnishee's registered agent with the Writ on January 24, 2023. (Doc. 101); Fed. R. Civ. P. 4(h)(1)(B). The Garnishee did not file its answer within the time allotted by the Florida garnishment statutes. Fla. Stat. § 77.04 (requiring garnishee to serve an answer on plaintiff within 20 days after service of the writ). Now, Plaintiff moves for entry of a clerk's default against Garnishee. (Doc. 102.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).

A plaintiff must obtain entry of a clerk's default against a garnishee who fails to respond to the writ. *See Patino v. El Rey Del Chivito Corp.*, No. 10–23726–CIV, 2013 WL 5652056, at *1–2 (S.D. Fla. Oct. 15, 2013). Florida Statute § 77.081(1) states that "[i]f the garnishee fails to answer as required, a default shall be entered against him or her." The Writ was served on the Garnishee on January 24, 2023. (Doc. 101.) The Writ advised the Garnishee that it had twenty days to serve an answer, which was due on February 13, 2023. (*Id.* at 2.) To date, the Garnishee has failed to file an answer to the Writ. Therefore, a clerk's default is due to be entered. *Poser Invs., Inc. v. Ravin Hotels & Invs., LLC*, No: 6:13–mc–18–Orl–36TBS, 2018 WL 2445891, at *1 (M.D. Fla. May 31, 2018).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Clerk's Default (Doc. 102) is **GRANTED**.
2. The Clerk is **DIRECTED** to enter a default against Garnishee, New York Community Bank.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE