# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL SCOTT CARDINALE,**

      Plaintiff,

v.                                                     Case No: 6:21-cv-379-ACC-EJK

**VITAMIN EMPORIUM, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on the following:

1. Non-Party Kimco Realty Corporation's Motion to Quash (Doc. 138), filed October 31, 2023, to which Plaintiff responded in opposition on November 6, 2023; and

2. Vitamin Emporium, Inc.'s Motion to Quash Subpoena to Produce Documents Directed to Kimco Realty Corporation (Doc. 139), filed November 3, 2023, to which Plaintiff has not responded, and the time to do so has expired.

Upon consideration, Kimco's Motion to Quash (Doc. 138) is due to be denied, and Defendant's Motion to Quash (Doc. 139) is due to be granted.

## I.    BACKGROUND

The case is in post-judgment garnishment proceedings. On January 23, 2023, judgment was entered against Defendant and in favor of Plaintiff in the amount of $90,657.00, and a separate judgment for attorney's fees was entered against Defendant and in favor of Plaintiff on February 28, 2023, in the amount of $13,177.59

(collectively, the "Judgment"). (Docs. 92, 96.) Plaintiff has not, to date, received any payment from Defendant to satisfy the Judgment. (Doc. 140 at 2.)

Relevant to the instant dispute, on October 17, 2023, Plaintiff issued a subpoena duces tecum (the "Subpoena") to non-party Kimco Realty Corporation, Inc. ("Kimco"), which is Defendant's landlord. (Doc. 138.) Specifically, the Subpoena includes requests for: (1) copies of all checks or other payments received from Vitamin Emporium, Inc., and (2) any other documents identifying any bank name/account number from which payment was received from such entity. (Doc. 138-1.) Kimco and Defendant now move to quash the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). (Docs. 138, 139.)

## II.   STANDARD

"Pursuant to Rule 45, a Court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 U.S. Dist. LEXIS 16641, at *5 (M.D. Fla. Jan. 22, 2015) (citing Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv)), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 16639 (Feb. 11, 2015). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Id.*

### III. DISCUSSION

#### A. Kimco's Motion to Quash

Kimco argues that the Subpoena, as issued, "fails to demonstrate how the information sought from [it] will assist the plaintiff in its recovery" and "impermissibly seeks Kimco's confidential information." (Doc. 138 at 2.)[1] In that vein, Kimco argues Plaintiff has not established that discovery of its confidential business records and financial information is relevant or reasonably calculated to lead to the discovery of assets available for execution. (Doc. 138 at 4.) The only purported confidential information that Kimco points to is the amount of rent it charges to Defendant. (*Id.* at 5.) Kimco also argues that Plaintiff already possesses Defendant's bank account information. (*Id.*)

The Court does not find any of Kimco's points persuasive. As an initial matter, none of Kimco's arguments meet any one of the elements for quashing under Rule 45(d). Further, this case is in post-judgment proceedings, and Plaintiff has a right to discovery in its effort to collect on the Judgment. Federal courts allow discovery of a debtor's financial records on an outstanding judgment, notwithstanding an individual's right to financial privacy. *Frenkel v. Acunto*, No. 11-62422-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 131696, at *20 (S.D. Fla. Sept. 19, 2014); *see also Bishop v. Baldwin*, No. 20-CV-61254-SINGHAL/VALLE, 2020 U.S. Dist. LEXIS 232111, at *10 (S.D. Fla. Dec. 10, 2020) (denying motions for protective orders

---

[1] Kimco's Motion to Quash also mentions that Defendant confirmed to Kimco that Plaintiff did not provide notice to Defendant before issuance of the Subpoena. (Doc. 138 at 3–4.) The Court will address that argument as to Defendant *infra*.

with respect to subpoenas issued to non-party banks for account statements and other financial information pre-judgment). Kimco has not offered any legal support or rationale for its contention that the rent amount Defendant pays is confidential, and moreover, Plaintiff has offered to allow Kimco to redact the amount in its document production. Rather, Plaintiff is seeking copies of checks or other payments from Defendant in order to locate bank accounts from which Defendant makes rental payments to Kimco, to the extent there exist other accounts of which Plaintiff is not aware. Accordingly, Kimco's Motion to Quash is due to be denied.

### B. Defendant's Motion to Quash

Defendant argues in its Motion to Quash that Plaintiff failed to provide Defendant adequate notice before issuing the Subpoena, citing Federal Rule of Civil Procedure 45(a)(4) and Local Rule 3.04 (Doc. 139 at 3.) Local Rule 3.04 states, "A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice." Defendant states that Plaintiff never notified Defendant's counsel of the Subpoena. (Doc. 139 at 3.)

Plaintiff did not respond in opposition to Defendant's Motion to Quash, and therefore, the undersigned will treat it as unopposed. Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). However, Plaintiff did briefly address this issue in response to Kimco's Motion to Quash, stating: "Although undersigned counsel believes that the Subpoena was served on Vitamin Emporium via US Mail, it does not appear to have been served on Vitamin Emporium's counsel via e-mail as is undersigned counsel's standard practice." (Doc.

140 at 6.) Given both Plaintiff's lack of response to Defendant's Motion to Quash and Plaintiff's acknowledgement that it did not give Defendant adequate notice, the Court will grant Defendant's Motion and require that Plaintiff re-issue the Subpoena to Kimco with proper notice to Defendant.

As a final note, Defendant mentions in its Motion to Quash that "on more than one occasion," Plaintiff has served documents on Defendant without providing notice to Defendant's attorney. (Doc. 139 at 4.) The Court notes that failure by either party to provide adequate notice to the other party, including their counsel, moving forward may result in the issuance of sanctions against the offending attorney, personally.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Non-Party, Kimco Realty Corporation's Motion to Quash (Doc. 138) is **DENIED**.

2. Vitamin Emporium, Inc.'s Motion to Quash Subpoena to Produce Documents Directed to Kimco Realty Corporation (Doc. 139) is **GRANTED**. Plaintiff must give 14 days' written notice to Defendant prior to re-issuing the Subpoena to Kimco.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE